IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1, | § § § § § § § § § § § § § § § | Civil Action No. 5:22-cv-00066 |
| Plaintiff, | | |
| v. | | |
| BLANCA E. BUSTOS AKA BLANCA BUSTOS, | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1 ("U.S. Bank" or "Plaintiff") and files this its *Original Complaint* against Blanca E. Bustos aka Blanca Bustos ("Defendant"), and would respectfully show the Court as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national

banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank has its main office in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

2. Israel Bustos ("Decedent") was an obligor under the Loan Agreement. Decedent died on or about April 26, 2019. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county where he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Defendant Blanca E. Bustos aka Blanca Bustos is a citizen of Texas and borrower under the subject loan agreement. She may be served with process at her residence, 103 Great Salt Lake, Laredo, Texas 78041, or at such other place as she may be found. Summons is requested.

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total unpaid balance owed as of June 30, 2022 is $108,762.37. Interest and fees continue to accrue. A copy of the payoff statement is attached hereto as Exhibit A.

5. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1391(b)(2) because the real

property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

7. On or about October 18, 1999, Decedent Israel Bustos executed that certain *Texas Home Equity Adjustable Rate Note* (the "Note") in the original principal amount of $54,000.00 payable to New Century Mortgage Corporation. and bearing interest at the rate of 10.990% per annum. A copy of the Note is attached hereto as Exhibit B.

8. Concurrently with the Note, Decedent Israel Bustos and Defendant Blanca E. Bustos ("Borrowers") executed that certain *Texas Home Equity Security Instrument* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting New Century Mortgage Corporation a security interest in certain real property and improvements located in Castro County, Texas, commonly known as 310 N. Smith Avenue, Laredo, Texas 78043, and more particularly described as:

> SITUATED IN WEBB COUNTY, TEXAS AND BEING THE MIDDLE ONE-THIRD OF LOTS NUMBER THREE AND FOUR (M. 1/3 OF 3 & 4), IN BLOCK NUMBER TWO THOUSAND ONE HUNDRED FOURTEEN (2114), IN THE EASTERN DIVISION OF THE CITY OF LAREDO.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Castro County, Texas on October 28, 1999 under Document No. 677357. A true and correct copy of the Security Instrument is attached hereto at Exhibit C.

9. The Security Instrument was subsequently transferred from New Century Mortgage Corporation to U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1, as evidenced by that certain *Transfer of Lien* ("Assignment") executed on October 15, 2009, and recorded in the Real Property Records for Castro County, Texas under Document No. 1053381. A true and correct copy of the Assignment is attached hereto as Exhibit D.

10. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

11. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

12. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

13. The Loan Agreement in default as of December 1, 2018. A *Notice of Default* ("Notice of Default") was served to Israel Bustos in accordance with the Loan Agreement and the Texas Property Code on January 3, 2019. A true and correct copy of the Notice of Default is attached hereto as Exhibit E.

14. On or about April 26, 2019, Decedent Israel Bustos passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

15. The default was not cured. On August 14, 2019, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Decedent's Estate and Defendant in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit F.

16. All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – STATUORTY PROBATE LIEN

17. The foregoing paragraphs are incorporated by reference for all purposes.

18. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *" . . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heirs' interest in the Property.

Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

21. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendant's failure to comply with the Loan Agreement.  Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

### V. CAUSE OF ACTION - FORECLOSURE

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff asserts a cause of action for judicial foreclosure against Defendant. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendant has failed to make the payments for the Property required under the Note.

24. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note.  Accordingly, Plaintiff seeks judgment in its favor and

an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

25.     Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendant, personally.

26.     All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

27.     Concurrent with Plaintiff acquiring all of Defendant's right, title and interest in the Property by enforcement of Plaintiff's lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendant is divested of all of her right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

## VII. WRIT OF POSSESSION

28.     If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendant be cited to appear and answer, and the Court enter judgment granting:

   a.   a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to

       enforce the power of sale in the Security Instrument through foreclosure of the Property;

b.    a declaration that due to a breach of the Loan Agreement, Plaintiff's lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendant is divested and Plaintiff is vested with all of the right, title, and interest to the Property;

c.    a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

d.    attorneys' fees and costs of suit, not as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument; and

e.    all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**